UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD IRVIN,

    Plaintiff,

v.                                                                                                    Case No: 8:15-cv-1582-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Edward Irvin, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.     Procedural Background**

Plaintiff filed an application for disability insurance benefits in 2009. (Tr. 106–13.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 30–56.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 12–25.) The Appeals Council denied Plaintiff's request for review (Tr. 927–29), and Plaintiff filed an action in district court. The Commissioner filed an unopposed motion for entry of judgment with remand, which was granted. (Tr. 896–901.) Following hearings held on July 20, 2012 and June 17, 2013 (Tr. 822–68), the ALJ issued an unfavorable decision. (Tr. 733–47.) The Appeals Council denied Plaintiff's request for review.

(Tr. 715–31.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning on September 25, 2003.  (Tr. 106.)  Plaintiff has a high school education.  (Tr. 745.)  Plaintiff's past relevant work experience included work as a machine repairer.  (Tr. 745.)  Plaintiff alleged disability due to failed back surgeries, rods in his legs, and post-traumatic stress disorder.  (Tr. 125.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 25, 2003, the alleged onset date.  (Tr. 738.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: adjustment disorder with mixed anxiety and depressed mood, cervicalgia, degenerative disc disease, degenerative joint disease, obesity, mood disorder, myofascial pain syndrome, and radiculitis.  (Tr. 738.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 739.)

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff has the following additional limitations: lift up to ten pounds occasionally; stand and walk for approximately two hours out of an eight-hour workday; sit for approximately six hours out of an eight-hour workday with normal breaks, must avoid concentrated exposure to extreme cold and heat and hazards; must have a job that he can perform while using a hand held assistive device, i.e. a cane; must have the option to sit and stand at will; and must be limited to unskilled work, "svp 1 or 2," with simple, routine, and repetitive tasks.  (Tr. 740.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 741.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 745.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as food and beverage order clerk, surveillance system monitor, and addresser. (Tr. 746.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 746–47.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled or not disabled at any point in the sequential review, further inquiry

is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis,

mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ's RFC finding conflicts with his hypothetical to the VE, and (2) the ALJ erred at step five of the sequential process. For the reasons that follow, these contentions do not warrant reversal.

### A. The ALJ's RFC Determination

As part of his RFC determination, the ALJ found Plaintiff limited to jobs that he can perform while using a hand held assistive device, i.e. a cane. (Tr. 740.) At the hearing before the ALJ, the ALJ posed a hypothetical to the VE identical to the ALJ's RFC determination. (Tr. 860–62.) After the ALJ posed the hypothetical, the VE asked whether Plaintiff's use of a cane was while Plaintiff walked, which the ALJ confirmed. (Tr. 861.) Based on the ALJ's hypothetical, the VE testified that Plaintiff could perform other work as a food and beverage order clerk, a surveillance system monitor, and an addresser. (Tr. 861–62.) Relying on this testimony, the ALJ found Plaintiff not disabled. (Tr. 746.)

Plaintiff argues that "[t]he implication from the vocational expert was that as long as the claimant only needed the cane for walking, and not also for standing, he could perform the jobs enumerated." (Dkt. 25 at 7.) In his decision, Plaintiff argues, the ALJ did not limit Plaintiff's use of a cane for walking only, making the ALJ's RFC finding in his decision inconsistent with his hypothetical to the VE. (Dkt. 25 at 7.) Specifically, Plaintiff argues as follows:

> It cannot be presumed that the Administrative Law Judge meant to find in the decision that the claimant's need to use a cane or assistive device was limited to

>walking, because that is what was discussed at the Administrative Law Judge hearing. The decision must be taken at face value and presumed to mean what it says.

(Dkt. 25 at 7.) Plaintiff requests that the case be remanded for the ALJ to pose a hypothetical to the VE that "is consistent with [the ALJ's] findings in the decision." (Dkt. 25 at 7.) In response, Defendant argues that there is no discrepancy between the ALJ's hypothetical to the VE and the ALJ's RFC finding. (Dkt. 26 at 6–7.)

When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The Commissioner can use the testimony of a VE to demonstrate that the claimant can perform other jobs. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). A vocational expert's testimony constitutes substantial evidence when the ALJ poses a hypothetical question to the vocational expert "which comprises all of the claimant's impairments." *Id.*

Here, Plaintiff does not argue that the ALJ's hypothetical to the VE was flawed by not encompassing Plaintiff's limitations. Instead, Plaintiff argues that the ALJ's RFC finding in his decision did not state that Plaintiff's use of a cane was limited to while he was walking, which was clarified by the VE at the hearing. However, the ALJ's finding that Plaintiff is capable of performing other work (Tr. 745–46), is supported by substantial evidence, i.e., the VE's testimony. Specifically, before the VE testified about jobs Plaintiff could perform given his RFC, the VE received the appropriate clarification from the ALJ regarding Plaintiff's cane use. (Tr. 860–62.) Plaintiff does not argue that this hypothetical, with this clarification, did not fully encompass Plaintiff's limitations.

Moreover, as Defendant argues, to the extent his RFC finding in his decision does not specify that Plaintiff's use of his case is for walking only, "[n]o principle of administrative law or common sense requires [a court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *See Ware v. Schweiker*, 651 F.2d 408, 412–13 (5th Cir. 1981) (concluding that "a remand for express findings would be a wasteful corrective exercise" because "[j]udicial review is not for the purpose of exacting punctilio but to assure that the Secretary's determination does not trespass the statute").[1] Again, Plaintiff does not argue that the hypothetical to the VE was flawed or that, as a result of a flaw, the ALJ's findings at step five were not supported by substantial evidence. Therefore, Plaintiff has raised no argument that remand could lead to a different result. Accordingly, Plaintiff's first contention does not warrant reversal.

### B. The ALJ's Findings at Step Five of the Sequential Process

Finally, Plaintiff argues that the number of jobs for particular occupations that the VE testified existed were "so inconsistent with the information contained in the Bureau of Labor Statistics, and in other reported cases that it cannot be deemed supported by the substantial evidence." (Dkt. 25 at 9.) The VE estimated the number of jobs available based on the Dictionary of Occupational Titles ("DOT") job classifications, but Plaintiff's argument is based on a different classification system used by the Bureau of Labor Statistics, the Standard Occupational Classification ("SOC") system, which classifications "do not overlap with or correspond to the DOT's occupational classifications." (Dkt. 25 at 8.) Although Plaintiff concedes that "[t]he ALJ has the discretion to determine what constitutes a significant number of jobs, and he very well may

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

find a lower number still is significant," "the numbers of jobs given by the vocational expert are so unbelievable, that a remand is warranted for new vocational expert testimony." (Dkt. 25 at 10.)

The ALJ testified that a hypothetical claimant with Plaintiff's age, education, work experience, and RFC could perform work as a food and beverage order clerk, of which there are approximately 95,730 jobs available nationally; a surveillance system monitor, of which there are approximately 97,880 jobs available nationally; and an addresser, of which there are approximately 97,609 jobs available nationally. (Tr. 860–62.)

At step five in the sequential process, "the ALJ must determine if there is other work available *in significant numbers* in the national economy that the claimant has the ability to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004) (emphasis added); *see* 20 C.F.R. § 404.1520(a)(4)(v) ("At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work."). The Eleventh Circuit "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015).

Pursuant to the regulations, an ALJ may "take administrative notice of reliable job information available from various governmental and other publications," including the DOT, the County Business Patterns prepared by the Bureau of the Census, the Census Reports prepared by the Bureau of the Census, the Occupational Analyses prepared by state employment agencies for the Social Security Administration, and the Occupational Outlook Handbook prepared by the Bureau of Labor Statistics. 20 C.F.R. § 404.1566(d). Here, the VE testified that, in formulating his testimony, he relied on the DOT, the Classification of Jobs, U.S. Department of Labor, the

Occupation Employment Statistics, and the State of Florida Occupational Employment Division. (Tr. 863.) Contrary to Plaintiff's argument, the VE relied on appropriate sources in formulating his testimony regarding the number of jobs available that Plaintiff could perform.

Next, Plaintiff cites three cases, arguing that, in those cases, the VE testified that there were far fewer positions available nationally in the three jobs than the VE in this case found. (Dkt. 25 at 9–10.) First, Plaintiff cites a 2013 case in which the VE in that case testified that there were 13,000 food and beverage order clerk positions available nationally, *Thibeault v. Comm'r of Soc. Sec.*, No. 8:13-CV-586-T-MCR, 2013 WL 6498390, at *12 (M.D. Fla. Dec. 11, 2013), as opposed to the 95,730 jobs the VE in this case testified existed nationally (Tr. 862). (Dkt. 25 at 9). Next, Plaintiff cites a 2012 case in which the VE in that case testified that there were 1,680 surveillance system monitor jobs available nationally, *Beltran v. Astrue*, 700 F.3d 386, 388 (9th Cir. 2012), as opposed to the 97,880 the VE testified were available nationally (Tr. 862). (Dkt. 25 at 9–10.) Finally, Plaintiff cites a 2014 case in which the VE in that case testified that there were 12,400 addresser jobs available nationally, *Young v. Colvin*, No. 1:13-CV-00937-SMS, 2014 WL 4959264, at *6 (E.D. Cal. Oct. 1, 2014), as opposed to the 97,609 jobs the VE in this case testified existed nationally (Tr. 862). (Dkt. 25 at 9.)

In response, Defendant argues that because the number of jobs in SOC classifications is compiled annually, Plaintiff's "attempt to compare the VE's testimony in this case with VE testimony in other cases, which referenced job numbers and statistics from different years, fails." (Dkt. 26 at 10.) Nonetheless, the courts in two of the cases cited by Plaintiff found that the ALJ did not err in relying on the VE's testimony and that the ALJ's findings were supported by substantial evidence, despite what Plaintiff argues to be the small numbers of jobs available nationally. *See Thibeault*, 2013 WL 6498390, at *13; *Young*, 2014 WL 4959264, at *14. And, as

Defendant argues (Dkt. 26 at 10), courts have found that the numbers in the cases cited by Plaintiff constitute significant numbers of jobs. *See Atha*, 616 F. App'x at 934–35 (holding that the ALJ's finding that there were a significant number of jobs that claimant could perform supported by substantial evidence where the jobs totaled only 23,800 positions nationally); *Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) ("The ALJ's finding that 840 polisher, document preparer, and bonder jobs constituted a significant number in the national economy is supported by substantial evidence.").

As explained by the Eleventh Circuit, when it evaluated the same issue on appeal, "this Court must remain mindful of the standard of review that applies in this case," which is the substantial evidence standard set forth in 42 U.S.C. 405(g). *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987). Section 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, *shall be conclusive*." 42 U.S.C. § 405(g) (emphasis added). Thus, "[i]f the Secretary's decision is supported by substantial evidence, it must stand." *Allen*, 816 F.2d at 602 (holding that the ALJ's finding at step five was supported by substantial evidence because the VE "testified as to the existence of such jobs and to the claimant's ability to adapt his skills to perform them"). Plaintiff has raised no argument demonstrating that the ALJ's findings at step five are not supported by substantial evidence. As such, Plaintiff's contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

- 11 -

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on March 9, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record